**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV01710 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **URSULA BRYAN, et al.** | : | **PLAINTIFFS** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et al.** | : | **DEFENDANTS** |

## ORDER

Pending is Plaintiff's Motion to Remand (Doc. No. 12). Defendants have responded (Doc. No. 18). Oral argument was heard at the status conference on January 27, 2006.

### I.    BACKGROUND

Originally filed in Missouri state court, this case includes multiple plaintiffs from numerous states and multiple defendants. Defendants removed the case to federal court, claiming fraudulent misjoinder. Plaintiffs seek to remand to Missouri state court for lack of diversity jurisdiction.

This case originally involved 41 plaintiffs and 22 defendants. Although Plaintiffs are citizens of 14 different states, the only non-diverse parties are from Arkansas, Florida, Georgia, and Rhode Island -- notably, none of the non-diverse defendants are from Missouri, which is the state where this case was filed. Defendants assert that all non-diverse, non-Missouri Plaintiffs were fraudulently added to prevent federal diversity jurisdiction.

1

**II.    DISCUSSION**

As I have mentioned before, these types of multi-plaintiff and multi-defendant pleadings are nothing new to MDL litigation.[1]  Since the non-diverse plaintiff is typically misjoined for the sole purpose of defeating diversity, these multi-plaintiff complaints are oft criticized.  In fact, one MDL court has described this as an "innovative, but unwise, pleading strategy that interferes with the [MDL] court's ability to administer this case for pretrial purposes."[2]  MDL courts have repeatedly held that misjoined plaintiffs will not defeat diversity and "the remedy is severing the claims" of the non-diverse plaintiffs and defendants.[3]

Although much time was spent, both in the papers and oral argument, discussing the right of an out-of-state plaintiff to bring a cause of action in Missouri state court, that issue is of no consequence; rather, the question is whether Plaintiffs' claims are properly joined.

This case must be analyzed under the Missouri permissive joinder statute.  That statute, which is identical to Rule 20(a) of the Federal Rules of Civil Procedure, permits plaintiffs to join their claims in one cause of action if the claims: (1) arise out of the same transaction or occurrence and (2) present a common question of law or fact.[4]  "[E]ven if a non-diverse plaintiff [has] a valid cause of action against a defendant, that plaintiff may not prevent removal based on

---

[1]*See In re Prempro Products Liability*, 4:03CV01507-WRW (E.D. Ark. August 31, 2004).

[2]*In re Diet Drugs Products Liability*, No. Civ. A. 98-20478, 1999 WL 554584, at *5 (E.D. Pa. July 16, 1999).

[3]*In re Baycol Products Liability Litigation*, MDL No. 1431 at 4 (D. Minn. September 12, 2003).  *See also In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136, 148 (S.D.N.Y. 2001); *In re Diet Drugs*, 1999 WL 554584, at *5 (dropping the misjoined plaintiffs under Fed. R. Civ. P. 21).

[4]Mo. Sup. Ct. R. 52.05.

diversity of citizenship if there is no reasonable basis for the joinder of that non-diverse plaintiff with the other plaintiffs."[5]

Plaintiffs argue that their claims arise out of the same transaction or occurrence and there are common questions of law and fact, but I am not persuaded. Plaintiffs fail to meet either part of the rule. The only thing common among Plaintiffs is that they took an HRT drug -- but not even the same HRT drug. Plaintiffs are residents of different states and were prescribed different HRT drugs from different doctors, for different lengths of time, in different amounts, and suffered different injuries.[6] In light of this, Plaintiffs are not properly joined under Rule 20.[7] "To simply group the plaintiffs by judicial district or to simply group them primarily for filing convenience, [does] not satisfy the terms required in Rule 20 nor the purpose" of Rule 20.[8] Additionally, I can see no reason for the joinder of the non-diverse plaintiffs other than to destroy diversity jurisdiction.

---

[5]*In re Diet Drugs Products Liability*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003).

[6]Plaintiffs assert that they allege the same injury -- breast cancer. However, not even that is the same, since Plaintiffs have alleged numerous types of breast cancer -- lobular, ductal, mixed lobular-ductal, in-situ carcinoma, etc.

[7]*See In re Orthopedic Bone Screw Products Liability*, 1995 WL 428683 (E.D. Pa. July 17, 1995) (severing misjoined plaintiffs under similar circumstances); *In re Rezulin*, 168 F. Supp. 2d at 145 (same); *In re Diet Drugs*, 1999 WL 554584, at *4 (same); *In re Baycol Products Liability Litigation*, 2003 WL 22341303 (D. Minn. 2003) (same).

[8]*In re Baycol Products Liability Litigation*, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002).

### III.     EDITORIAL

In view of the numerous rulings critical of the type of pleading involved here, I find it puzzling that plaintiffs' counsel continue to improperly join plaintiffs in multidistrict litigation (pharmaceutical cases particularly).  This practice is not invariably contrary to joinder, venue, and jurisdiction rules, but for obvious reasons it has been questioned by several MDL courts.[9]  I shall[10] look at such complaints with a jaundiced eye (this sentence can be taken as "a word to the wise").

At the same time, I am puzzled by the failure of defendants to forthwith address the joinder/misjoinder issues in the original court.  I agree with Judge Perry, of the Eastern District of Missouri, who has noted that it would be a more efficient approach if the removing party would address misjoinder in the original court, before removal.[11]

---

[9]*In re Orthopedic Bone Screw*, MDL 1014; *In re Norplant*, MDL 1038; *In re Diet Drugs*, MDL 1203; *In re Rezulin*, MDL 1348; *In re Baycol*, MDL 1431; and *In re Welding Rod Products Liability Litigation*, MDL 1535.

[10]Used in this context, "shall" does not violate B. Garner's rules.

[11]*Bowling v. Kerry, Inc.*, 406 F. Supp. 2d 1057, 1061 (E.D. Mo. 2005) ("Federal courts, of course, could easily avoid this confusing standard if a removing party challenged misjoinder in state court before seeking removal. Requiring misjoinder to be addressed in state court does not impair the ability of a defendant to remove an action following the dismissal or severance of the improperly joined party.").

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand is DENIED.  Accordingly, under Rule 21 of the Federal Rules of Civil Procedure, Plaintiffs[12] Barbara Williams, Theresa Ann and Ted Saylor, Carol Crittenden, George Warren, Rosemarie and Robert Bokshon, Kaye Brisco and Jackie L. Park, and Maria and Joseph Decunto are DROPPED from this civil action as follows:

(1) dropped plaintiffs have 30 days from the date of this Order to file a new complaint, in a proper venue;

(2) within 30 days of the date of this order, dropped plaintiffs must notify this Court, in writing (fax letter is sufficient), that a new civil action has been filed in the proper venue;

(3) dropped plaintiffs who do not file new civil actions within the 30 day period will be dismissed without prejudice;

(4) after the expiration of the 30 day time period or upon receipt of written notification of refiling by dropped plaintiffs, this Court will enter an order dismissing all dropped plaintiffs from this case;

(5) dropped plaintiffs are deemed to have ongoing MDL No. 1507 actions in this Court for all purposes during the time period between the date of this Order and the filing of their new complaint;

---

[12]Although I believe that most, if not all, of the other plaintiffs in this case are misjoined, I am only concerned with those plaintiffs who destroy diversity jurisdiction.  Whether the diverse plaintiffs are properly joined is an issue for the Missouri transferor court to address after this case is remanded by the Judicial Panel on Multidistrict Litigation.

(6) for the application of statutes of limitations, laches, or other time bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped plaintiff originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint or the successors of such original defendants;

(7) within 20 days of the date that dropped plaintiffs are dismissed from this case, remaining plaintiffs must cure their complaint.

The current complaint fails to link *any* of the plaintiffs directly with *any* of the defendants, other than broad boilerplate language.  As an example, the complaint states that each plaintiff was "prescribed and ingested drugs manufactured, marketed, and sold by one or more the Drug Defendant and/or Pharmacy Defendants."  Such a broad claim fails to put the defendants on notice of which plaintiffs are alleging causes of action against them, and, therefore, does not appear to meet even the liberal requirements of the Federal Rules of Civil Procedure.

Accordingly, the amended complaint must remove all dropped plaintiffs and must contain allegations specifying which drugs each plaintiff took and, specifically, which of the defendants she is alleging a cause of action against.

IT IS SO ORDERED this 28th day of February, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE